

U.S. Department of Justice

*Carmen M. Ortiz*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 30, 2010

Via E-mail .pdf format
Andrew Good
Good & Cormier
83 Atlantic Avenue
Boston, MA 02110

    Re:    United States v. Terry Shull

Dear Mr. Good:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Terry Shull ("Defendant"), in the above-referenced case. The Agreement is as follows:

    1.    Change of Plea

At the earliest practicable date, and in no event later than October 1, 2010, Defendant shall waive indictment and plead guilty to the Information attached to this Agreement charging him with one count of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78 ff(a). Defendant expressly and unequivocally admits that he committed the crimes charged in the Information, did so knowingly and willfully, and is in fact guilty of those offenses. Should the Court accept this plea agreement, the U.S. Attorney agrees to dismiss Defendant from United States v. Feissel, et al., No. 98-cr-10112 (unassigned) following the imposition of sentence at the sentencing hearing in this matter.

    2.    Penalties

Defendant faces the following maximum penalties:

    Securities Fraud, 15 U.S.C. § 78j(b) and 78ff(a):

        (i)    Ten years imprisonment;
        (ii)    Fine of $1,000,000;
        (iii)    Mandatory special assessment of $50; and
        (iv)    Supervised release of 3 years.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty. The United States will assent to a motion requesting that the Court order that the Defendant be permitted to exit the United States voluntarily following the acceptance of the plea agreement and the Defendant's satisfaction of his obligations set forth in the plea agreement.

3. <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision. In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the District Court ("Court") accepts this plea agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this plea agreement, the U.S. Attorney may deem the Agreement null and void. Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines:

    a. The November 1992 version of the United States Sentencing Guidelines applies to the offense conduct; and

    b. In accordance with USSG §2F1.1(a), Defendant's base offense level is 6.

The United States agrees to take the position that in accordance with USSG §2F1.1(b)(1)(K), Defendant's offense level is increased by 7, because Defendant profited by more than $120,000 but less than $200,000. Defendant reserves the right to contest any adjustment to the offense level based on USSG §2F1.1(b)(1).

The United States further agrees to take the position that, in accordance with USSG §3E1.1, based on Defendant's acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level as eventually calculated by the Court should be reduced by 3 levels.

The parties otherwise reserve all rights with respect to the calculation and application of the Sentencing Guidelines, including all potentially applicable upward and downward adjustments to the offense level.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

    a.    Fails to admit a sufficient factual basis for the plea;

    b.    Fails to truthfully admit his conduct in the offenses of conviction;

    c.    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

    d.    Fails to provide truthful information about his financial status;

    e.    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

    f.    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

    g.    Intentionally fails to appear in Court or violates any condition of release;

    h.    Commits a crime;

    i.    Transfers any asset protected under any provision of this Agreement; or

    j.    Attempts to withdraw his guilty plea.

5.    <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

      a.    a fine in the amount of $5,000, payable immediately; and

      b.    a mandatory special assessment in the amount of $50;

6.    <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.    <u>Waiver of Statute of Limitations</u>

Defendant hereby waives any and all defenses he may have to the charges set forth in the Information, including any and all defenses he may have based on any applicable statute of limitations, statute of repose, equitable tolling or any other defense based on the passage of time. In the event that the Court does not accept this plea agreement, the United States and Defendant agree that the United States shall dismiss this Information without prejudice and that the United States and Defendant shall each retain all rights in connection with the prosecution and defense of <u>United States v. Feissel, et al.</u>, 98-10112 (unassigned).

8.    <u>Protection of Assets for Payment of Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

      a.    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;

      b.    Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and

      c.    Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

Defendant further agrees that, prior to sentencing, Defendant will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

9. <u>Waiver of Right to Appeal and to Bring Other Challenge</u>

   a. Defendant has conferred with his attorney and understands that he has the right to challenge his conviction(s) in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that he may, in some circumstances, be able to challenge his conviction(s) in a future proceeding (such as, for example, in a collateral challenge pursuant to 28 U.S.C. §2255 or 28 U.S.C. §2241). Defendant waives any right he has to challenge his conviction on direct appeal or in any future proceeding.

   b. Defendant has conferred with his attorney and understands that defendants ordinarily have a right to appeal their sentences and may sometimes challenge their sentences in future proceedings. Defendant understands, however, that once the Court accepts this Rule 11(c)(1)(C) plea agreement, the Court is bound by the parties' agreed-upon sentence. Defendant may not contest the agreed-upon sentence in an appeal or challenge the sentence in a future proceeding in federal court. Similarly, the Court has no authority to modify an agreed-upon sentence under 18 U.S.C. §3582(c), even if the Sentencing Guidelines are later modified in a way that appears favorable to Defendant. Likewise, Defendant agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that existed at the time of Defendant's original sentencing. Given that a defendant who agrees to a specific sentence cannot later challenge it, and also because Defendant desires to obtain the benefits of this Agreement, Defendant agrees that he will not challenge the sentence imposed in an appeal or other future proceeding.

   c. The U.S. Attorney agrees that she will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by a party at sentencing.

10.  <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that Defendant might assert under this statute based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Defendant from <u>United States v. Leonard Feissel, et al.</u>, 98-cr-10112.

11.  <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

12.  <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

13.  <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of Defendant's conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

14.  <u>Withdrawal of Plea By Defendant or Rejection of Plea by Court</u>

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

15.  <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of his pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney

may pursue any and all charges which otherwise may have been brought against the Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

16. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

17. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to First Assistant U.S. Attorney Jack W. Pirozzolo.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
JAMES F. LANG
Chief, Criminal Division
JOHN T. McNEIL
Deputy Chief, Criminal Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Terry L. Shull
Defendant

Date: Sept 29 2010

I certify that Terry L. Shull has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Andrew Good, Esq.
Attorney for Defendant

Date: 9/30/10

9